# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>    v.<br><br>FEYIFUNMI SANGOLEYE, f/k/a<br>Feyifunmi Oreoluwa Adesanya,<br><br>          Defendant. | Case No. 1:16-cv-10673<br><br>Judge Edmond E. Chang |

### JOINT MOTION FOR CONSENT JUDGMENT OF DENATURALIZATION

The United States of America ("Plaintiff") and Feyifunmi Sangoleye ("Defendant"), by and through their respective counsel, jointly move this Court to enter the attached proposed Consent Judgment of Denaturalization. This motion is supported by Defendant's admission to, and acknowledgment of the truth of, the allegations contained the Complaint to Revoke Naturalization. *See* Complaint ("Compl."), ECF No. 1.

In summary, Defendant admits that in July 2013 she pleaded guilty in the United States District Court for the Northern District of Illinois to one count of theft of government funds in violation of 18 U.S.C. § 641. *Id.* ¶ 19-21. Defendant's employer, Northwestern University, held certain funds as a National Institutes of Health grant recipient. Through an entity called ATSDATA, Defendant fraudulently billed Northwestern University's account holding these federal funds for work that was never performed and converted that money to her own use. *See id.* ¶ 43.

On February 7, 2007, Defendant filed a Form N-400, Application for Naturalization ("Naturalization Application"). *Id.* ¶ 9. At her naturalization interview on July 10, 2007,

1

Defendant provided false testimony that she had never committed a crime or offense for which she had not been arrested. *Id*. ¶¶ 11, 33-37. Defendant was sent a Notice of Naturalization Oath Ceremony ("Notice") which indicated her naturalization ceremony would take place on August 16, 2007. *Id*. ¶ 14. The Notice inquired about events that happened after Defendant was interviewed in connection with her Naturalization Application. *Id*. ¶ 15. In response to the question "Have you knowingly committed any crime or offense, for which you have not been arrested?" Defendant checked the box marked "No." *Id*. ¶ 28. That response was false based on the timing of the conduct underlying Defendant's conviction. *See id.* ¶ 21 & Ex. B at 2, 4-5. Instead, Defendant had stolen $33,500 of government funds by August 16, 2007, the date she swore to the responses on her Notice and took the oath to become a United States citizen. *Id*. ¶¶ 14, 16-17. She was issued Certificate of Naturalization No. 30723832. *Id*. ¶ 17.

To be eligible for naturalization, an applicant must generally show that she has been a person of good moral character for the five-year statutory period before she files her naturalization application, and until the time she becomes a naturalized United States citizen. 8 U.S.C. § 1427(a). An applicant for naturalization is statutorily barred from showing that she is a person of good moral character if she committed a crime involving moral turpitude during the statutory period, and is later convicted of the crime or admits to its essential elements. *Id*. § 1101(f)(3) (cross-referencing 8 U.S.C. § 1182(a)(2)(A)); 8 C.F.R. § 316.10(b)(2)(i) (providing that an applicant "shall be found to lack good moral character" if, for example, he committed and was convicted of one or more crimes involving moral turpitude). Similarly, an applicant for naturalization lacks the requisite good moral character if she committed unlawful acts adversely reflecting upon her moral character during the statutory period and cannot establish that extenuating circumstances exist. *See* 8 C.F.R § 316.10(b)(3)(iii); 8 U.S.C. § 1101(f).

Under 8 U.S.C. § 1451(a), this Court must revoke Defendant's naturalization and cancel her Certificate of Naturalization if her naturalization was either illegally procured, or procured by concealment of a material fact or willful misrepresentation. Defendant admits that her naturalization was illegally procured because at the time she naturalized she had provided false testimony for the purpose of obtaining an immigration benefit, *see* Compl. ¶¶ 30-39 ("Count I"); committed a crime involving moral turpitude, *see id.* ¶¶ 40-46 ("Count II"); and committed an unlawful act during the statutory period for which she cannot establish extenuating circumstances, *see id.* ¶¶ 47-54 ("Count III"). Defendant further admits that she procured her United States citizenship by willfully misrepresenting and concealing her criminal conduct. *See id.* ¶¶ 55-62 ("Count IV").

In light of the facts alleged in the Complaint, which she admits as true, Defendant, having fully discussed the case with her counsel, agrees with Plaintiff that denaturalization is proper and does not wish to further contest denaturalization on the terms to which the parties have agreed in their separate Settlement Agreement.

Accordingly, Plaintiff and Defendant move this Court for an order providing the relief requested in the attached Proposed Consent Judgment.

The Parties also jointly request the Court to set a hearing for approximately 21 days from the date of the Judgment, at which Defendant must demonstrate that she has complied with the Judgment, unless the United States provides notice prior to the hearing that Defendant has fully complied and the judgment is satisfied.

Dated:  April 24, 2017                              Respectfully submitted,


CHAD A. READLER
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director
District Court Section
Office of Immigration Litigation

TIMOTHY M. BELSAN
Deputy Chief, National Security &
    Affirmative Litigation Unit
District Court Section
Office of Immigration Litigation

/s/ Aaron R. Petty                                  /s/ Omar Abuzir
AARON R. PETTY, IL Bar 6293553      OMAR ABUZIR
Counsel for National Security               Khalaf & Abuzir, LLC
District Court Section                             10003 S. Roberts Rd.
Office of Immigration litigation            Palos Hills, IL 60465
U.S. Department of Justice                  Telephone: (708) 233-1122
219 S. Dearborn St., 5th Floor             E-mail: oabuzir@immigrationjd.com
Chicago, IL 60604
Telephone: (202) 532-4542               Counsel for Defendant Feyifunmi Sangoleye
E-mail: Aaron.R.Petty@usdoj.gov

Counsel for Plaintiff United States of
America